UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GLENN SIMS,

                Petitioner,

vs.

PAUL GONYEA,

                Respondent,

ORDER GRANTING
REQUEST TO SEAL
15-CV-6621 CJS

---

**Siragusa, J.** By letter dated March 7, 2016, Respondent's counsel requested that Petitioner's memorandum in reply to Respondent's opposition to the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244 be sealed. The basis for the request is that the reply identifies the victim of a sexual crime, which is in violation of New York Civil Rights Law § 50-b. Petitioner does not oppose that request. Respondent did not file a notice of motion, or a memorandum of law in support of his request.

Cases pending in Federal court on federal question jurisdiction are controlled by Federal statutes and rules, not state statutes and rules. *Thomas v. Colvin*, No. 15-CV-948 (ER)(KNF), 2015 WL 4240721 (S.D.N.Y. Jul. 13, 2015). Further,

> It is well established that the common law recognizes "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978); *accord Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.2006). "The presumption of access is based on the need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995) (*"Amodeo II"*); *see also United States v. Aref*, 533 F.3d 72, 83 (2d Cir.2008) ("Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.") (internal quotation marks omitted).

*Winkfield v. Duncan*, No. 12-CV-3237 ARR, 2013 WL 360400, at *1 (E.D.N.Y. Jan. 24,

2013). Nevertheless, considering the sensitivity of the subject matter and that leaving the victim's name exposed in the public record would subject the victim to further humiliation, the Court will grant the application, in part. The Court has identified two locations in Petitioner's reply, ECF No. 7, where the victim's name is used: on pages 8 and 9 of ECF No. 7 (using the page numbering assigned by the Court's CM/ECF filing system) where Petitioner quoted from the first and second counts of the indictment. In addition, Petitioner attached what appears to be a transcript which has the victim's name throughout, and a page from an indictment, again with the victim's name. Therefore, the Court will redact the victim's name from the memorandum of law and direct the Clerk to seal the unredacted version, while filing the redacted version. Further, the Court will direct that the transcript and the indictment be separately filed under seal.

With regard to the document which the Court has labeled Controlled Calls from OW, Petitioner will be permitted to explain the origin of the document and provide proof of its authenticity. Failing to do that, the Court will disregard it. Accordingly, it is hereby

ORDERED, that the Clerk seal ECF No. 7; and it is further

ORDERED, that the Clerk file the redacted copy of Petitioner's memorandum of law consisting of 18 pages, the two statutes (sections 130.95 and 130.96), the envelope, and the affidavit of service, which the Court will provide to the Clerk in electronic format; and it is further

ORDERED, that Petitioner provide proof of the authenticity of the apparent transcript of controlled calls from O.W. by April 15, 2016, and upon his failure to do so, the Court determines that it will not consider that document in making its decision pursuant to § 2241; and it is further

ORDERED, that all future requests for the entry of an order be by notice of motion in compliance with the Federal and local rules of civil procedure.

IT IS SO ORDERED.

DATED:   March 21, 2016
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge